UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
TARA M. WILSON,                                 :
                                                :
                Plaintiff,           :
                                                :
      - against -                              :      09 Civ. 2632 (PAC) (HBP)
                                                :
NEW YORK CITY POLICE                            :      ORDER ADOPTING R&R
DEPARTMENT, et al.,                             :
                                                :
                Defendants.          :
------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 25, 2011

HONORABLE PAUL A. CROTTY, United States District Judge:

       Tara M. Wilson ("Wilson") brings this action, pro se, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"); New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 et seq.; and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 et seq., against the New York City Police Department ("NYPD"), Wilson's former coworkers, and the City of New York (collectively "Defendants"). Wilson claims that Defendants discriminated against her in the terms and conditions of her employment, exposed her to a hostile work environment, retaliated against her, and ultimately constructively terminated her, all on the basis of her sex, race and national origin.

       After the Court referred the general pretrial and dispositive motions in the case to Magistrate Judge Henry B. Pitman, by Order dated March 31, 2009, Defendants moved to dismiss all of Wilson's claims under Rule 12(b) of the Federal Rules of Civil Procedure. On February 4, 2011, Magistrate Judge Pitman issued a Report and Recommendation ("R&R"), recommending that the motion be granted in part and denied in part. No objections were filed. The Court's review of the R&R finds no clear error, and accordingly the Court adopts Magistrate Judge Pitman's R&R. The motion to dismiss is granted as to (1) all claims against defendants

Ross, Brooke-Smith, Williams, Yaffascha Jackson, and Greene; (2) Title VII claims based on acts that occurred prior to March 29, 2007; (3) any claim of discrimination based on national origin; (4) all Title VII claims against individual defendants; and (5) NYSHRL and NYCHRL claims based on any and all acts prior to April 19, 2005.  The motion is denied in all other respects.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts of the case.  Stated briefly, Wilson, a 39-year-old black woman of Panamanian descent, began her employment with the NYPD in August 1998.  (See Amended Complaint, dated August 20, 2009 ("Am. Compl."), Typed Statement at 1.)  In November 2004, she was promoted to sergeant, and shortly thereafter was assigned to Transit District #33.  (Id.)  She was transferred to the Office of Equal Employment Opportunity ("OEEO") in July 2005, and to the Patrol Bureau Brooklyn South ("PBBS") in September 2006.  (R&R at 4.)  On April 4, 2007, after taking a sick leave, Wilson returned to PBBS and was reassigned to a position with the Evidence Collection Unit, which entailed working hours which Wilson claims were burdensome and inflexible.  (Id. at 7.)  Wilson retired in September 2007.  (Id. at 21.)

Wilson's allegations include numerous instances of sexual harassment, and several comments made to her in reference to her race.  (R&R at 4-7.)  In addition, Wilson believes that her April 4, 2007 transfer was both discriminatory and retaliatory.  (Id. at 7, 21 n.6.)  Finally, Wilson alleges that discriminatory practices and a hostile work environment forced her to retire. (Id. at 8.)

Wilson filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on January 23, 2008, and obtained a right-to-sue letter on

December 5, 2008. Wilson filed a Complaint on March 23, 2009, and an Amended Complaint on August 20, 2009.

Defendants moved to dismiss Wilson's Amended Complaint on May 18, 2010 under Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. (See R&R at 9.) Magistrate Judge Pitman summarizes Defendants' claims as follows:

> (1) plaintiff's Title VII claims are untimely; (2) plaintiff has failed to exhaust her administrative remedies on her Title VII claims with the EEOC; (3) plaintiff has failed to state a claim in accordance with the proper pleading standard; (4) plaintiff's Title VII claims do not allow for recovery against the individual defendants; (5) plaintiff's State and City Human Rights Law claims are partially time-barred; (6) the court should decline to exercise supplemental jurisdiction concerning all of plaintiff's State and City Human Rights Law claims, and (7) plaintiff failed to serve defendants Sgt. Margaret Ross, DI Higdon, P.O. Athena Brooke-Smith, Detective Debbie Williams, P.O. Yaffascha Jackson, Det. Marilyn Pagan and Lt. Michael Greene within the time limit set forth in Fed. R. Civ. P. 4(m).

(R&R at 9-10.) Magistrate Judge Pitman issued his R&R on February 4, 2011 recommending that Defendants' motion be granted in part and denied in part. (R&R at 2.) The R&R provided fourteen days for written objections pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b). No objections were filed.

## DISCUSSION

### I. Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The district court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." Feehan v. Feehan, No. 09 Civ. 7016 (DAB), 2011 WL 497776 at *1 (S.D.N.Y. Feb. 10, 2011).

**II.     Personal Jurisdiction Over Defendants**

Magistrate Judge Pitman did not err in concluding that Wilson failed to serve any of the individual defendants, except for Higdon and Pagan, who were served on September 15, 2009 and October 23, 2009, respectively. (See R&R at 16-17.) Accordingly, all claims against defendants Ross, Brooke-Smith, Williams, Yaffascha Jackson, and Greene are dismissed for lack of service.

**III.    Failure to State a Claim Upon Which Relief Can Be Granted**

**A.      Timeliness of Wilson's Title VII Claims**

In order to sustain a Title VII Claim, a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts. (See R&R at 19-20 (collecting authority).) Although Wilson claims that she filed her Charge of Discrimination with the EEOC in September 2007, a copy of the EEOC Charge (attached as Exhibit D to Defendants' Motion to Dismiss) reveals that the EEOC received her Charge on January 23, 2008. Accordingly, Wilson's Title VII claims are timely only if they occurred within 300 days of that, or on or after March 29, 2007.

According to Wilson, the only events that occurred after March 29, 2007 are the April 2007 transfer and her September 2007 retirement. Her only claims which are timely, then, are her hostile environment claim, insofar as it is construed liberally to include the transfer or her retirement; her claims of discrimination and retaliation based on the transfer; and her claim of constructive discharge. With respect to all other acts alleged, while Wilson cannot bring an independent Title VII claim based on those acts, she may use them to support her claims which are timely. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).

**B.     Exhaustion of Administrative Remedies**

Magistrate Judge Pitman also did not err in concluding that, through filing her EEOC Charge, Wilson adequately exhausted her administrative remedies as to all her claims except that of discrimination on the basis of national origin.  (See R&R at 27.)

In her EEOC Charge, Wilson checked the boxes next to "Race" and "Retaliation."  The other boxes, including those for "Sex" and "National Origin," are left blank.  "[M]erely checking the box[, however,] . . . does not necessarily control the scope of the charge."  Cooper v. Xerox Corp., 994 F. Supp. 429, 436 (W.D.N.Y. 1998).  "The central question is whether the complaint filed with the EEOC gave that agency 'adequate notice to investigate discrimination on both bases.'"  Williams v. N.Y.C. Hous. Auth., 458 F.3d 67, 70 (2d Cir. 2006) (quoting Deravin v. Kerik, 335 F.3d 195, 202 (2d Cir. 2003)).

In her EEOC Charge, Wilson explicitly alleges a hostile work environment and constructive discharge.  (See R&R at 27 n.7.)  In addition, Judge Pitman concluded that Wilson's references to claims of discrimination on the basis of being a "minority," and of various instances of sexual harassment were sufficient to put the EEOC on notice of race- and sex-based discrimination.  (R&R at 25.)  Judge Pitman also found Wilson's checking of the box with regard to retaliation to be sufficient.  (R&R at 26.)  As Judge Pitman noted, however, Wilson neither checked the box next to "National Origin," nor did she allege any act of discrimination on the basis of national origin in any of her papers.  (R&R at 26-27.)

Finding no clear error, the Court accepts Judge Pitman's recommendation that Wilson's claims of discrimination on the basis of national origin be dismissed for failure to exhaust administrative remedies.

C.   **Individual Liability Under Title VII**

Magistrate Judge Pitman also did not err in recognizing the well-settled principle that "individuals are not subject to liability under Title VII." (See R&R at 28 (collecting authority).) Accordingly, all of Wilson's Title VII claims against individual defendants are dismissed.

D.   **Sufficiency of Pleading**

Judge Pitman commented on the Defendants' failure to delineate any semblance of an argument with respect to the sufficiency of Wilson's pleading. The only mention of the complaint's insufficiency is in a footnote to Defendants' memorandum of law. (See R&R at 30-31.) Aside from citing the legal standard for sufficiency of pleadings, the extent of their argument is that

> [t]he amended complaint is devoid of any reference to an adverse employment action taken against plaintiff, and is further devoid of any mention of a protected activity under the parameter of Title VII during plaintiff's employment with the NYPD . . . . Furthermore, plaintiff clearly cannot meet the burden to establish a "hostile work environment . . . ."

(Defs.' Mem. at 2 n.1.)

Defendants' conclusory statements make no specific reference to the amended complaint. On the contrary, they completely ignore the adverse employment actions – the April 2007 transfer and her alleged constructive discharge – that Wilson described. (Typed Statement at 21.) Additionally, in arguing that the complaint was "devoid of any mention of a protected activity," they ignore Wilson's allegation that on January 29, 2007, Wilson reported her finding of "offensive material" to the OEEO and belief that she was harassed as a result. (R&R at 7). By reporting to the OEEO, Wilson clearly engaged in a protected activity, see Wimes v. Health, 157 Fed. Appx. 327, 328 (2d Cir. 2005), and to make out a claim of retaliation, a plaintiff "need not establish that the conduct she opposed was actually a violation of Title VII," but rather that

she "possessed a good faith, reasonable belief that the underlying employment practice was unlawful under the statute." Id.  Finally, in 22 pages, Wilson describes numerous instances throughout her employment that contributed to a hostile work environment.  (R&R at 4-7.)  In rebutting a charge of hostile work environment, Defendants must at least address the allegations, rather than baldly asserting that they "do not meet the burden."

Accordingly, the Court finds no error in Magistrate Judge Pitman's recommendation that the motion to dismiss be denied on this ground.

**E.     Timeliness of State and City Human Rights Laws Claims**

Finally, Magistrate Judge Pitman correctly concluded that any claims asserted by Wilson under New York State and New York City Human Rights Laws occurring before April 19, 2005 were untimely.

The statute of limitations governing NYCHRL and NYSHRL is three years.  See Williams v. City of New York, 690 F. Supp. 2d 338, 342 (S.D.N.Y. 2010).  Courts in this circuit have held that the statute of limitations applicable to claims under NYCHRL and NYSHRL is tolled during the period in which the complaint is filed with the EEOC.  (See R&R at 36 (collecting cases).)  Wilson filed her original complaint on March 23, 2009.  Excluded from the three year limitation are the 317 days, from January 23 to December 5, 2008, during which her EEOC Charge was pending.  Wilson may therefore assert any claim occurring on or after April 19, 2005 but may not make an independent claim of discrimination based on any incident before that date.

Accordingly, all NYSHRL and NYCHRL claims of discrimination based upon incidents which occurred prior to April 19, 2005 are dismissed.

7

## CONCLUSION

For the forgoing reasons, the Court adopts the Report and Recommendation in full. Defendants' motion is granted with respect to: (1) all claims against defendants Ross, Brooke-Smith, Williams, Yaffascha Jackson, and Greene; (2) Title VII claims based on acts that occurred prior to March 29, 2007; (3) any claim of discrimination based on national origin; (4) all Title VII claims against individual defendants; and (5) NYSHRL and NYCHRL claims based on acts that occurred prior to April 19, 2005. The motion is denied in all other respects. The Order of Reference to Magistrate Judge Pitman continues for further disposition of this matter. The clerk is directed to terminate the motion at Docket Number 37.

Dated: New York, New York
       March 25, 2011

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Tara M. Yearwood
95 Kingston Avenue
So. Florida Park, NY 11001

Rebecca Rachel Hirschklan, Esq.
New York City Law Department
100 Church Street
New York, NY 10007

Courtney Beth Stein, Esq.
New York City Law Department
Office of Corporation Counsel
100 Church Street
New York, NY 10007